

Erik M. Bashian, Esq.
T: (516) 279-1554
F: (516) 213-0339
eb@bashpaplaw.com

*Admitted to Practice in New York and New Jersey

VIA CM/ECF Only

November 18, 2019

United States District Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, New York 10007

    Re:    *Deleston v. Rivoli Pizza II Inc. et al.*, **Case No.: 1:19-cv-6163-LGS**

Dear U.S. District Judge Schofield:

    This office represents Plaintiff Jermaine Deleston ("Plaintiff") in connection with the above-referenced action. In accordance with the Civil Case Management Plan and Scheduling Order entered on September 16, 2019 (D.E. 29), Plaintiff in conjunction with counsel for defendants Rivoli Pizza II Inc. d/b/a Rivoli Pizza II ("Rivoli Pizza II") and 501 Hudson Co. LLC ("501 Hudson") (collectively, the "Defendants") hereby submits this joint status letter.

    As set forth in the complaint, the Plaintiff Jermaine Deleston ("Plaintiff") suffers from spinal muscular atrophy. Plaintiff is confined to a wheelchair and alleges various violations under Title III of the Americans with Disabilities Act ("ADA") and New York State and New York City Human Rights Laws. Plaintiff's claims concern a public accommodation commonly known and referred to as Rivoli Pizza II, located at 501 Hudson Street, New York, New York 10014, in which it is alleged that multiple architectural barriers exist that prevent him from accessing this business.

    This action was commenced on July 2, 2019, with the filing of a summons and complaint. A copy of the summons and complaint was served on Defendants on July 5, 2019, with proofs of service filed on July 9, 2019 (D.E. 7 and 8). On September 12, 2019, Defendants filed their Answer (D.E. 26). The parties Joint Case Management Plan and Scheduling Order was entered on September 16, 2019 (D.E. 29).

    On September 25, 2019, Plaintiff served the Defendants with various discovery demands, including requests for the production of documents, interrogatories, and requests for admissions. The Case Management Plan required discovery demands to be served by October 17, 2019, with responses due by November 18, 2019. (D.E. 29). To date, there has been no discovery responses served by the Defendants upon Plaintiff.

**BASHIAN PAPANTONIOU P.C.**

On November 4, 2019, Plaintiff reached out to counsel for the defendants, Joseph M. Labuda, Esq., to inquire if the parties were moving forward with a Rule 34 Inspection scheduled for that week. On November 5, 2019, Mr. Labuda advised that the defendants needed an extension of time.

Currently, there are no motions pending. If the parties cannot amicably resolve their dispute, Plaintiff will likely move for summary judgment at the conclusion of fact discovery. However, the parties will update the Court concerning any motions that the parties intend to pursue.

The parties have engaged in settlement discussions but have been unable to reach a resolution at this juncture.

In light of the foregoing, the Plaintiff is requesting that Your Honor extend all discovery deadlines for a period of sixty (60) days and that Defendants provide all outstanding discovery responses within thirty (30) days of this letter.

We thank the Court for your time and consideration in this matter.

    Respectfully submitted,

    BASHIAN & PAPANTONIOU, P.C.

    */s/ Erik M. Bashian*
    _____
    Erik M. Bashian, Esq.

cc:    Joseph M. Labuda, Esq. *(via CM/ECF)*
       Jeremy M. Koufakis, Esq. *(via CM/ECF)*